1  McGREGOR W. SCOTT
   United States Attorney
2  CAMERON L. DESMOND
   BRIAN A. FOGERTY
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

8
                    IN THE UNITED STATES DISTRICT COURT
9                     EASTERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,                CASE NO. 2:19-CR-125 GEB
11
                        Plaintiff,
12                                          STIPULATION AND [PROPOSED] PROTECTIVE
              v.                            ORDER REGARDING DISCOVERY
13
   LUCIOUS JAMES ROY,
14 DAWNIEL SANTANGELO,

15                      Defendants.

16

17        Pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), the undersigned parties

18 stipulate and agree, and respectfully request that the Court order that:

19        1.      This Order pertains to all discovery provided to or made available to defense counsel that

20 contains the name of, or other potentially identifying information about, a minor victim or minor witness

21 (hereafter, collectively known as "protected discovery").

22        2.      Defense counsel shall not disclose any of the protected discovery or its contents directly

23 or indirectly to any person other than their respective defendant/client, potential witnesses that they are

24 interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel

25 (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the

26 representation of the defendant in this criminal case.

27        3.      While the defendant is in custody, the defendant may view the protected discovery in the

28 presence of defense counsel and/or a defense investigator, but may not retain a copy or otherwise

   STIPULATION AND [PROPOSED] PROTECTIVE ORDER              1

1  disseminate the contents.  If the defendant is released from custody, and requests a copy of his client file

2  from defense counsel, the defendant may obtain a copy of the protected discovery, so long as defense

3  counsel first redacts the victims' names, the names of any minor witnesses, and any other information

4  that could be used to identify the victim or minor witnesses before providing him with the copy he

5  requests.  The defendant agrees not to disclose the protected discovery or its contents in accordance with

6  18 U.S.C. § 3509(d)(1).

7      4.      The protected discovery and information therein may only be used in connection with the

8  litigation of this case and for no other purpose.

9      5.      In the event the defendant obtains habeas counsel, undersigned counsel may provide

10  habeas counsel with a copy of the protected discovery after habeas counsel has been provided a copy of

11  this Order.  Habeas counsel shall also be held subject to this Order and must abide by its provisions

12  concerning defense counsel.

13      6.      Defense counsel will store the protected discovery in a secure place and will use

14  reasonable care to ensure that it is not disclosed to third persons in violation of this agreement or 18

15  U.S.C. § 3509(d).

16      7.      If defense counsel makes, or causes to be made, any further copies of any of the protected

17  discovery, defense counsel will ensure that the following notation is physically written or inscribed on

18  each copy made, if the confidentiality of the documents is otherwise not already present on the copied

19  file(s): "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective

20  Order."  For example, if defense counsel makes a copy of an audio or video file that falls within the

21  protections of this Protective Order, he must physically mark the copy of that file with:

22  "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

23      8.      If defense counsel releases custody of any of the protected discovery, or authorized

24  copies thereof, to any person described in paragraph two, defense counsel shall first provide such

25  recipients with copies of this Order.  The parties agree that defense counsel, defense investigators and

26  support staff shall not provide the protected discovery to the defendant or any other witness or copies of

27  the protected discovery, except for the limited situations identified in this Order.

28      9.      Defense counsel shall advise the government counsel of any subpoenas, document

requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resists or comply with such demands as it may deem appropriate.

10.     Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph two the protected discovery until that individual has been provided a copy of this Order by defense counsel.

11.     The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.

12.     If it becomes necessary to refer to a victim or child witness during any public court proceeding or in a public court filing, the parties shall use agreed upon pseudonyms of "Minor A" or "Witness 1," *et seq.*

[The remainder of this page is blank.]

1    13.    Nothing in this Order shall preclude a party from seeking a more restrictive protective

2    order or other court order with regard to particular discovery items.

3
                                                    Respectfully Submitted,
4
                                                    McGREGOR W. SCOTT
5                                                   United States Attorney

6
     Dated: September 10, 2019              By: /s/ Brian A. Fogerty
7                                                   BRIAN A. FOGERTY
                                                    Assistant United States Attorney
8

9
     Dated: September 10, 2019              By: /s/ Jerome Price
10                                                  JEROME PRICE
                                                    Assistant Federal Defender
11                                                  Attorney for Lucious James Roy

12

13
     Dated: September 10, 2019              By: /s/ Philip Cozens
14                                                  PHILIP COZENS
                                                    Attorney for Dawniel Santangelo
15

16

17

18        By agreement of the parties, and good cause appearing, IT IS SO ORDERED.

19

20   Dated: September 10, 2019

21                                         ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28